# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

CHARLES HUMES                                                                        PETITIONER

v.                                          NO. 2:15-cv-00109 JLH/PSH

C.V. RIVERA, Warden,                                                                 RESPONDENT
F.C.I. Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

FINDINGS AND RECOMMENDATION

The record reflects that petitioner Charles Humes ("Humes") was convicted in the United States District Court for the Western District of Tennessee of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). A Presentence Report ("PSR") was prepared, and it contained the following calculations:

> … The [PSR] calculated Humes's total offense level to be 33 and his criminal history category to be VI, resulting in a Guidelines range of 235 to 293 months of imprisonment. Moreover, the PSR classified Humes as an armed career criminal, listing nine qualifying convictions in his criminal history. Humes's only objection to the PSR was that his three 1969 convictions should have been counted as one conviction rather than three separate offenses. But he never challenged his classification as an armed career criminal.
>
> At the [sentencing] hearing, the district court confirmed that Humes had received the PSR. The court then reviewed the Guidelines calculations, including Humes's base-offense level and his criminal-history category. It also advised Humes that his offense level was adjusted upward to 33 because he was considered an armed career criminal. Humes once again did not object to this classification. His only objection was the same one that he had raised earlier, i.e., that his three 1969 convictions should be consolidated. After the court rejected his argument, Humes was sentenced to 235 months of imprisonment with three years of supervised release. …

See United States v. Humes, 307 Fed.Appx. 958, 960-961 (6th Cir. 2009). Humes appealed and advanced the following two grounds for reversal: 1) there was insufficient evidence to convict him, and 2) the district court erred in determining that he met the Armed Career Criminal Act ("ACCA") classification. The United States Court of Appeals for the Sixth Circuit found no reversible error and affirmed his conviction and sentence. See Id.

The records maintained by the Clerk of the Court for the Western District of Tennessee reflect that Humes thereafter attacked his conviction by filing a motion pursuant to 28 U.S.C. 2255. In the motion, Humes again maintained that the evidence to support his conviction was insufficient and the trial court erred by classifying him as an armed career criminal. The trial court denied the motion, and he filed an application for a certificate of appealability. The trial court denied the application for a certificate of appealability, and the Court of Appeals affirmed the denial of the application.[1]

Humes commenced the case at bar by filing a petition pursuant to 28 U.S.C. 2241 and joining respondent C.V. Rivera ("Rivera"). Humes maintained in the petition that he has completed the mandatory maximum ten year sentence for violating 18 U.S.C. 922(g) and is now serving an illegal sentence. His claim, pared to its essence, appears to be built upon the following representations: 1) he was sentenced to 235 months imprisonment as an armed career criminal pursuant to the "residual clause" of the ACCA; 2) the United States Supreme Court recently held in <u>Johnson v. United States</u>, — U.S. —, 135 S.Ct. 2551, — L.E.3d — (2015), that the "residual clause" of the ACCA is unconstitutionally vague; and 3) <u>Johnson v. United States</u> applies retroactively and nullifies the portion of his sentence in excess of ten years. Humes noted that he filed the petition at bar pursuant to 28 U.S.C. 2241 because relief under 28 U.S.C. 2255 is inadequate or

---

[1] The Clerk of the Court's records reflect that Humes later filed a request for relief pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3). The trial court construed the request as a motion pursuant to 28 U.S.C. 2255 and, alternatively, as a motion pursuant to Rule 60 and denied the request.

otherwise ineffective.

Rivera maintained in response that Humes has more than three convictions for offenses satisfying the defined violent crimes of 18 U.S.C. 924(e), and his sentencing pursuant to the "residual clause" of the ACCA is therefore of no consequence. Rivera also maintained that Johnson v. United States does not apply retroactively and, alternatively, Humes has an available remedy under 28 U.S.C. 2255(h)(2).

Humes filed a reply and maintained, in part, that relief under 28 U.S.C. 2255 is inadequate or otherwise ineffective. He noted that Johnson v. United States had not been decided when he filed his motion pursuant to 28 U.S.C. 2255, and the "savings clause" of 28 U.S.C. 2255(e) allowed him to file a petition pursuant to 28 U.S.C. 2241.

United States District Judge James M. Moody, Jr., recently addressed the scope of a petition pursuant to 28 U.S.C. 2241 under similar circumstances. He adopted the recommendation of United States Magistrate Judge Beth Deere and found the following:

> Generally, a federal inmate claiming that his sentence exceeds the maximum allowed by law must be brought with the sentencing court through a motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. 28 U.S.C. 2255(a); Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) (citing Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005). A habeas corpus petition under 28 U.S.C. 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out. A court cannot entertain a petition for habeas corpus under 2241, "if it appears the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. 2255(e) (emphasis added). The last clause is a provision generally referred to as

> 2255's "savings clause." Abdullah, 392 F.3d at 959.
>
> … A petitioner who seeks to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. Lopez-Lopez, 590 F.3d at 907 (citing Abdullah, 392 F.3d at 959). This exception, however, is a "narrowly circumscribed safety valve." United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under 2241. Lopez-Lopez, 590 F.3d at 907. Further, the 2255 remedy is not deemed inadequate or ineffective because the claim was raised in a previous 2255 motion and rejected—either because the petitioner was denied leave to file a second or successive 2255 petition, or because a 2255 petition was time-barred. Id.

See Hollywood v. Rivera, 2015 WL 5050253, 1 (E.D.Ark. August 4, 2015) (emphasis in original), report and recommendation adopted at Hollywood v. Rivera, 2015 WL 5050546 (E.D.Ark. August 26, 2015).

Applying the foregoing to the facts of this case, the undersigned finds that Humes' petition cannot be considered. He filed his petition pursuant to 28 U.S.C. 2241 and advanced one claim, a claim that could not have been raised in any of his prior motions or petitions because Johnson v. United States was only recently decided. A court cannot consider a petition pursuant to 28 U.S.C. 2241 if the petitioner failed to apply for relief by means of a motion pursuant to 28 U.S.C. 2255. With regard to the claim at bar, Humes failed to apply for relief in the sentencing court by means of a motion pursuant to 28 U.S.C. 2255. A petition pursuant to 28 U.S.C. 2241 can nevertheless be considered if it appears that the remedy afforded by 28 U.S.C. 2255 is "inadequate or ineffective to test

the legality of [the petitioner's] detention." See 28 U.S.C. 2255(e). Judge Moody found in Hollywood v. Rivera that the decision in Johnson v. United States did not render the "savings clause" of 28 U.S.C. 2255(e) applicable to Hollywood's case, and the same is true in this case.[2] The decision in Johnson v. United States does not make the remedy afforded by 28 U.S.C. 2255 inadequate or ineffective, particularly in light of the fact that the remedy afforded by that statute might still be available to Humes. In Hollywood v. Rivera, Judge Moody dismissed Hollywood's petition for lack of subject matter jurisdiction but did so without prejudice so that Hollywood might petition the Court of Appeals for permission to file a "second or successive petition under 28 U.S.C. 2255(h)(2), citing the Supreme Court's decision in Johnson [v. United States]." See Hollywood v. Rivera, 2015 WL 5050253, 3, report and recommendation adopted at

---

[2] This conclusion is consistent with United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000). In that case, the United States Court of Appeals for the Eighth Circuit considered the meaning of the phrase "inadequate or ineffective" and found the following:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a 2255 Motion. See, e.g., In Re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under 2255, could simply turn to 2241. Specifically, the 2255 Motion is not inadequate or ineffective merely because 2255 relief has already been denied, see Charles, 180 F.3d at 757-58; In Re Dorsainvil, 119 F.3d 245, 251 (3rd Cir. 1997), or or because petitioner has been denied permission to file a second or successive 2255 motion, see United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999); Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999); Davenport, 147 F.3d at 608, or because a second or successive 2255 motion has been dismissed, see Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), or because petitioner has allowed the one year statute of limitations and/or grace period to expire, see Charles, 180 F.3d at 758.

See Id. at 1077.

Hollywood v. Rivera, 2015 WL 5050546. The undersigned will recommend likewise.

The undersigned recommends that Humes' petition be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice, though, so that Humes might petition the United States Court of Appeals for the Sixth Circuit for permission to file a second or successive petition under 28 U.S.C. 2255(h)(2) citing the Supreme Court's decision in Johnson v. United States. All requested relief should be denied, and judgment should be entered for Rivera.

DATED this 29th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE